UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXIS O. LOPEZ GONZALEZ and
ANABEL LISO,

        Plaintiffs,

v.                                                                    Case No:   8:25-cv-02806-JLB-AEP

FREEDOM MORTGAGE
CORPORATION and CARDINAL
FINANCIAL COMPANY, LP,

        Defendants.

                                 /

## ORDER

Plaintiffs Alexis O. Lopez Gonzalez and Anabel Liso's First Amended Complaint (Doc. 18) is **DISMISSED with prejudice** as an impermissible shotgun pleading.  Federal Rule of Civil Procedure 8(a)(2) requires plaintiffs' pleadings to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Shotgun pleadings violate this rule by "fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).  A court may dismiss a shotgun pleading with prejudice after providing the plaintiffs with at least one opportunity to amend.  *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–96 (11th Cir. 2018).

A complaint is a shotgun pleading if it is "vague and ambiguous such that [defendants have] to guess as to . . . the facts upon which [plaintiffs rely] in

support." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018). Furthermore, a complaint cannot allege "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1323.

Here, Plaintiffs' Amended Complaint (Doc. 18) is a shotgun pleading for both reasons. Plaintiffs' Amended Complaint begins with eighteen general allegations, followed by five substantive counts against Defendants. (Doc. 18). However, only the first count realleges the prior eighteen paragraphs, and the third and fourth counts provide no reference to their background facts at all. (*Id.*). This makes Plaintiffs' Amended Complaint a shotgun pleading. *See Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662–64 (11th Cir. 2019) (affirming a district court's dismissal of a complaint as a shotgun pleading where it "did not incorporate any of the preceding general allegations into each count."); *Johnston v. Anti-Defamation League*, No. 6:24-CV-1465-JSS-NWH, 2025 WL 2029744, at *6 (M.D. Fla. July 21, 2025) (dismissing a complaint without prejudice as a shotgun pleading because it "appear[ed] that no count incorporate[d] any of the paragraphs before it, including paragraphs that identify the parties, allege jurisdiction, and contain factual support for the counts."). Furthermore, Plaintiffs' Amended Complaint (Doc. 18) is a shotgun pleading because the third count does not identify which acts or omissions each Defendant was responsible for. *See Weiland*, 792 F.3d at 1323. While the *pro se* Plaintiffs in this case are entitled to have their pleadings construed

2

liberally, they are "nevertheless . . . required . . . to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).  Accordingly, Plaintiffs' Amended Complaint (Doc. 18) is **DISMISSED with prejudice** and Defendants' motions to dismiss (Docs. 22, 23) are **DENIED as moot**.

Because the Court previously provided Plaintiffs with leave to amend their Complaint (Doc. 1) to remedy its shotgun-pleading deficiencies, the Court declines to grant further leave to amend.  *See Vibe Micro, Inc.*, 878 F.3d at 1294–96. Accordingly, the Clerk of Court is **DIRECTED** to terminate any pending deadlines and close the file.

**ORDERED** in Tampa, Florida, on June 11, 2026.

_____
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

3